**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| v. | § | Cr. No. C-09-cr-159(1) |
| | § | C.A. No. C-09-220 |
| | § | |
| JUAN VALENTIN ALVARADO-XAR, | § | |
| Defendant/Movant. | § | |

_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| v. | § | Cr. No. C-08-cr-814 |
| | § | C.A. No. C-09-228 |
| | § | |
| JUAN VALENTIN ALVARADO-XAR,[1] | § | |
| Defendant/Movant. | § | |

**ORDER DENYING MOTION TO VACATE,
SET ASIDE OR CORRECT SENTENCE AND
ORDER DENYING CERTIFICATE OF APPEALABILITY**

Pending before the Court is Movant Juan Valentin Alvarado-Xar's ("Alvarado-Xar") motion

to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255, which has been filed in both

of the above-referenced cases.  (No. C-08-cr-814, D.E. 24; No. C-09-cr-159, D.E. 10.)

_____

[1]   The indictment in No. C-08-cr-814, which charged a single count of illegal reentry after deportation, listed the defendant as "Noe Perez-Perez, also known as Hugo Sanchez-Ramos, also known as Juan Valentin Alvarado-Xar." (No. C-08-cr-814, D.E. 8 at 1.)  The defendant told the Court at sentencing, however, that his full name was Juan Valentin Alvarado-Xar. (No. C-08-cr-814, D.E. 32, Sentencing Transcript at 2, 4-5, 8, 11.)  Based on that, as well as information in the PSR, it appears that the name Alvarado-Xar is the defendant's true identity. (See generally No. C-08-cr-814, Presentence Investigation Report ("PSR").)  The Court uses that name for purposes of these § 2255 proceedings.

The United States filed a response and motion to dismiss in each case on November 19, 2009.  (No. C-08-cr-814, D.E. 34, 35; No. C-09-cr-159, D.E. 15,16.)  Alvarado-Xar later filed a reply, which the Court has also considered.  (See No. C-08-cr-814, D.E. 36; No. C-09-cr-159, D.E. 17.)

On July 22, 2010, the Court held an evidentiary hearing to address Alvarado-Xar's claim that he was denied effective assistance of counsel because his sentencing counsel, Armando Cavada, failed to appeal.  Alvarado-Xar was represented at the hearing by appointed counsel, L. Chris Iles. For the reasons set forth on the record at the conclusion of the hearing, and for the reasons set forth in more detail herein, the Court denies Alvarado-Xar's § 2255 motions.  The Court also denies Alvarado-Xar a Certificate of Appealability in each case.

## I. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 2255.

## II. BACKGROUND

### A.  Criminal Proceedings

The factual and procedural background of the case are set forth in the Court's Order setting the case for an evidentiary hearing (No. C-08-cr-814, D.E. 37; No. C-09-cr-159, D.E. 20), and familiarity with that Order is assumed.  The Court addresses herein all five claims that it has identified from Alvarado-Xar's § 2255 motion, and to which the United States has responded.  (See id. at 3-4 (setting forth claims); No. C-08-cr-814, D.E. 34-35; No. C-09-cr-159, D.E. 15-16 (United States' response).)

### B.  Evidentiary Hearing

At the July 22, 2010, both Alvarado-Xar and his prior counsel, Armando Cavada, testified. As explained by the Court at the conclusion of the hearing, to the extent that there were conflicting

accounts offered by Alvarado-Xar and Cavada, the Court finds Cavada's testimony to be true and correct. Specifically, the Court finds that Alvarado-Xar did not tell Cavada to appeal and further finds that Cavada consulted with Alvarado-Xar regarding his appellate rights immediately following sentencing. The Court also finds credible Cavada's testimony that he would have appealed had he been asked to do so. Accordingly, the Court does not find any ineffective assistance of counsel as to counsel's alleged failure to appeal, as discussed in more detail below.

**C.      Movant's Allegations**

Alvarado-Xar's grounds for relief were set forth in the Court's prior order setting the hearing. Nonetheless, for ease of reference, the Court also includes them here. Movant's first ground for relief asserts various ineffective assistance of counsel claims. Specifically, he contends that:

> (1) counsel failed to appeal after being requested to do so;
>
> (2) counsel failed to argue that there was a breach of the plea agreement because he was promised a sentence of 21-27 months;
>
> (3) counsel failed to argue that his base offense level was erroneous;
>
> (4) counsel "failed to preserve the issue for appeal";
>
> (5) counsel failed to argue that the United States had offered Alvarado-Xar a six month sentence in his supervised release case; and
>
> (6) counsel failed to argue for an additional one-level reduction for acceptance of responsibility.

(No. C-08-cr-814, D.E. 24 at 3; No. C-09-cr-159, D.E. 10 at 3.)

Alvarado-Xar's second ground for relief is that his sentence violated his plea agreement, which he claims stipulated that the term of imprisonment imposed in his supervised release case would not exceed six months. He claims that he understood from both counsel and the United States

3

that he would not be sentenced beyond six months for his supervised release violation and states that he was also "promised" the bottom of the guideline range for his illegal re-entry charge, or a sentence of 21 months.  He claims that his guilty plea is therefore invalid because his sentence far exceeded that which he believed the plea agreement promised him. (No. C-08-cr-814, D.E. 24 at 16; No. C-09-cr-159, D.E. 10 at 16.)

In his reply, Alvarado-Xar also contends that counsel was ineffective for failing to object at sentencing to the United States' failure to recommend a reduction in his sentence for substantial assistance.  (No. C-08-cr-814, D.E. 36; No. C-09-cr-159, D.E. 17.)

### III.  ANALYSIS

#### A.    28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255; United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996).  "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice."  United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992).  "[A] collateral challenge may not do service for an appeal."  United States v. Frady, 456 U.S. 152, 165 (1982).

#### B.    Ineffective Assistance of Counsel

Alvarado-Xar's first ground for relief asserts a number of different claims of ineffective assistance of counsel claims.  Such claims are properly analyzed under the two-prong analysis set

forth in Strickland v. Washington, 466 U.S. 668 (1984).  United States v. Willis, 273 F.3d 592, 598 (5th Cir. 2001).  To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that his counsel's performance was both deficient and prejudicial.  Id.  This means that a movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence.  United States v. Dovalina, 262 F.3d 472, 474-75 (5th Cir. 2001).

If the movant fails to prove one prong, it is not necessary to analyze the other.  Armstead v. Scott, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one"); Carter v. Johnson, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

## C.  Counsel's Alleged Failure to Appeal

Alvarado-Xar's first claim is that his counsel failed to file an appeal despite being asked to do so.  When evaluating an ineffective assistance claim based upon counsel's alleged failure to file an appeal, the Court is guided by Roe v. Flores-Ortega, 528 U.S. 470 (2000).  That case explains that where a defendant asks that an appeal be filed, and the attorney does not file one, the attorney's conduct is deficient.  Flores-Ortega, 528 U.S. at 478.  As noted by the Court at the conclusion of the evidentiary hearing, the Court found that Cavada's testimony was credible on this point and specifically finds that, after Cavada discussed his right of appeal with Alvarado-Xar, Alvarado-Xar did not ask Cavada to file an appeal.  Accordingly, the fact that Cavada did not file an appeal was not *per se* deficient.  See id.

The Court turns next, then, to the issue of whether Cavada *consulted* with Alvarado-Xar about his appellate rights.  As explained by the Supreme Court in <u>Flores-Ortega</u>:

> In those cases where the defendant neither instructs counsel to file an appeal nor asks that an appeal not be taken, we believe the question of whether counsel has performed deficiently by not filing a notice of appeal is best answered by first asking a separate, but antecedent, question: whether counsel in fact consulted with the defendant about an appeal. . . .  If counsel has consulted with the defendant, the question of deficient performance is easily answered: Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal.

528 U.S. at 478.

Both Cavada and Alvarado-Xar testified that they had a discussion about his appellate rights and whether or not appealing would be a good idea immediately after sentencing.  It is thus undisputed that Cavada consulted with Alvarado-Xar about his right to appeal.  Alvarado-Xar has not shown that Cavada was deficient.  <u>See</u> <u>Flores-Ortega</u>, <u>supra</u>.  For these reasons, Alvarado-Xar's claim that he was denied effective assistance of counsel due to his counsel's failure to appeal is denied.

**D.    Counsel's Alleged Failure to Object to the Breach of the Plea Agreement**

Alvarado-Xar also asserts additional claims of ineffective assistance of counsel.  The second and fifth claims are related and thus will be addressed together.  Specifically, in his second claim, Alvarado-Xar argues that counsel was ineffective for failing to object to the United States' alleged breach of the plea agreement.  Specifically, he contends that he was "promised" a sentence of 21-27 months by the United States and that this promise was not kept.[2]  In his fifth ground for relief, he

---

[2] Alvarado-Xar's guideline range in the 2008 case (the substantive case) was 21 to 21 months. (No. 2:08-cr-814, D.E. 32, Sentencing Transcript ("S. Tr.") at 7.  The government, per its obligations under the plea agreement, (<u>see</u> No. C-08-cr-814, D.E. 14), recommend a sentence within the guideline range, <u>i.e.</u>, 27 months.  (S. Tr. at 7-8.)  The Court imposed a 27-month sentence, to be followed by a consecutive 18-

faults counsel for failing to argue that the United States had offered him a six-month sentence in his supervised release case.

Both of his claims regarding a purported promise of any specific sentence are flatly contradicted by his own testimony at his rearraignment.  Notably, Alvarado-Xar denied under oath at his rearraignment that anyone had promised him a specific sentence.  (See No. C-08-cr-814, D.E. 31 (Rearraignment Transcript ("R. Tr.") at 173-14 (Alvarado-Xar denying that anyone had made any other promises outside of the written plea agreement, and denying that anyone had offered him leniency or a motion for downward departure).)  Moreover, Alvarado-Xar testified that he understood that even his attorney's opinions of the guidelines might not be the same as the Court's, that the final decision as to what his sentence would be rested with the Court, and that the plea agreement was not binding on the Court. (R. Tr. at 14-15, 18.)

Additionally, when the prosecuting Assistant United States Attorney summarized the written plea agreement, she included the statement: "The Defendant understands that neither the Government nor any law enforcement agency makes any promises or representations as to what sentence will be imposed by this Court."  (R. Tr. at 12.)  Immediately after that summary was given, Alvarado-Xar confirmed that  the plea agreement was his plea agreement, that it was his entire agreement, and that he understood it.  (R. Tr. at 12-13.)

Thus, his § 2255 claim that anyone promised him any particular sentence is flatly contradicted by his own testimony.  That testimony is entitled to a strong presumption of truthfulness.  United States v. Lampaziane, 251 F.3d 519, 524 (5th Cir. 2001) (citing Blackledge v. Allison, 431 U.S. 63, 74 (1977)).  Indeed, the Fifth Circuit affords "great weight to the defendant's

month sentence in the 2009 case in which his supervised release term was invoked.  S. Tr. at 11-12.)

statements at the plea colloquy." <u>United States v. Cothran</u>, 302 F.3d 279, 283-84 (5th Cir. 2002).

Put simply, Alvarado-Xar's sworn statements preclude the relief he seeks here.  He knew of the

potential punishment he faced, he knew that any estimates by his attorney were not binding on the

Court, and he told the Court no one had promised him anything other than what was in his plea

agreement in exchange for his plea.

Additionally, the plea agreement itself also makes clear that the United States was not

promising him any particular sentence.  (No. 08-cr-814, D.E. at ¶¶ 6-7.)  Moreover, there was no

written plea agreement in the revocation and no evidence of any promise in that case.  Alvarado-Xar

simply has not shown that he was promised any particular sentence.  Thus, he has not shown that

the United States breached the plea agreement.  Counsel was not deficient for failing to raise an

objection on this ground.  <u>See</u> <u>United States v. Kimler</u>, 167 F.3d 889, 893 (5th Cir. 1999) ("An

attorney's failure to raise a meritless argument ... cannot form the basis of a successful ineffective

assistance of counsel claim because the result of the proceeding would not have been different had

the attorney raised the issue.").

Additionally, when a defendant claims that someone promised him a specific sentence in

contradiction to his own sworn testimony, he may seek § 2255 relief on that claim only under

narrow circumstances.  <u>See</u> <u>United States v. Cervantes</u>, 132 F.3d 1106, 1110 (5th Cir. 1998).

Specifically, a defendant may seek habeas relief on the basis of alleged promises, even though

inconsistent with his representations in open court, by proving: (1) the exact terms of the alleged

promise; (2) exactly when, where, and by whom the promise was made; and (3) the precise identity

of an eyewitness to the promise. 132 F.3d at 1110.  A defendant is entitled to an evidentiary hearing

on the issue if he can produce evidence showing the merit of his allegations, typically in the form

of an affidavit from a reliable third party.  Id.  Alvarado-Xar has not alleged any facts about the identity of any witnesses to the promise, and has not provided any other evidence showing the merit of his allegations.  Thus, he is unable to obtain relief under the Cervantes exception.

For all of these reasons, Alvarado-Xar's claims that he was promised any particular sentence, with regard to either his substantive case or his revocation, fail.  Similarly, because there was no basis for an objection on this ground, his counsel was not ineffective for failing to object. See Kimler, supra.

**E.      Counsel's Alleged Errors At Sentencing**

Alvarado-Xar's remaining claims of ineffective assistance of counsel are all claims that counsel erred at sentencing.  Specifically, his third claim contends that counsel failed to argue that his base offense level was erroneous.  In his fourth ground for relief, he claims that counsel failed to "preserve the issue for appeal," by failing to object.  He further faults his counsel for failing to object to Alvarado-Xar not receiving an additional point adjustment for acceptance of responsibility, and for failing to object to the United States' failure to move for a reduction in sentence for substantial assistance.

To establish prejudice as a result of alleged errors by counsel at sentencing, Alvarado-Xar must show that there is a reasonable probability that, but for counsel's alleged errors, the sentencing would have been different.  See United States v. Phillips, 210 F.3d 345, 350 (5th Cir. 2000).  This requires him to show a reasonable probability that he would have received a lesser sentence.  United States v. Grammas, 376 F.3d 433, 438-39 (5th Cir. 2004).  This is a showing that Alvarado-Xar has not – and cannot – make.

The Court has reviewed Alvarado-Xar's base offense level, and finds no error.   Alvarado-Xar does not identify what error he believes was made in his base offense level or how it is incorrect.  This claim thus fails because it is conclusory.  United States v. Pineda, 988 F.2d 22, 23 (5th Cir. 1993) ("Mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue.") (citation omitted).  He has failed to show even identify what the basis for any objection would be, let along how he was prejudiced by counsel's failure to object.  Thus, this claim fails.

As to his claim that counsel should have objected to his not receiving an additional reduction for acceptance of responsibility, no error has been shown. Alvarado-Xar in fact received maximum credit for acceptance of responsibility. (PSR at ¶ 16 (citing U.S.S.G. § 3E1.1(a), where the offense level is less than 16, a two-level reduction for acceptance of responsibility is the maximum permissible).)   Again, there was no error and nothing for counsel to object to, nor any prejudice. See Kimler, supra.  This claim fails.

Finally, as to Alvarado-Xar's claim that counsel should have objected to the United States' failure to move for a reduction in sentence based upon substantial assistance, it is unclear what additional steps Alvarado-Xar believes counsel should have taken.  Defense counsel informed the Court at sentencing that Alvarado-Xar had debriefed (S. Tr. at 8), but the United States did not move for a reduction on this ground.  Although no reason was expressly given, counsel for the United States agreed with the Court that it was difficult to even ascertain Alvarado-Xar's true identity (S. Tr. 7, 8), and further pointed out Alvarado-Xar's history of using false documents, different names, aliases, and dates of birth.  This history of lying regarding his identify makes it difficult, of course, to use him as a witness.

10

In any event, Alvarado-Xar's plea agreement makes clear that the government will ask for a downward departure under § 5K1.1 only if Alvarado-Xar provides "substantial assistance," as determined in the government's discretion.   (Cr. No. 08-cr-814, D.E. 15).   Specifically, the agreement states:

> Furthermore, should the Defendant provide substantial assistance to the Government as outlined in U.S. Sentencing Guidelines, Section 5K1.1 and 18 U.S.C. § 3553(e) the Government will recommend to the Court a reduction in the Defendant's sentence and recommend a sentence commensurate with the value, completeness, and truthfulness of the Defendant's information.  ***This agreement does not obligate the Government Attorney to make a motion for downward departure if in the Government Attorney's evaluation the Defendant had not provided substantial assistance.*** . . . [I]t is understood the Government's determination of whether the Defendant has cooperated fully and provided substantial cooperation, and the Government's assessment of the value, truthfulness and completeness of the Defendant's cooperation are solely within the judgment and discretion of the Government and shall be binding upon the Defendant.  ***The Defendant agrees and understands that the decision whether to file such a motion rests within the sole discretion of the Government,*** and that the decision whether to grant such a motion rests solely with the Court.

(D.E. 15 at ¶ 3(emphasis added).  Thus, it is clear that it was solely within the government's discretion to determine whether Alvarado-Xar provided substantial assistance.

At sentencing, the government did not make any such motion.  The plain language of the plea agreement and the silence of the United States at sentencing on the issue, make plain that Alvarado-Xar did not offer substantial assistance in the view of the government.  Notably, where the government has elected not to file a motion based on substantial assistance, the Court may only assess whether the government relied upon an unconstitutional motive (such as race of religion) in refusing to file the motion or bargained away its discretion to do so.  <u>Wade v. United States</u>, 504 U.S. 181, 185-86 (1992); <u>United States v. Garcia-Bonilla</u>, 11 F.3d 45, 46-47 (5th Cir. 1993).  In this

case, it is clear from the portions of Alvarado-Xar's written plea agreement quoted above at page 2 that the government has sole discretion as to whether or not to file such a motion.  See Garcia-Bonilla, 11 F.3d at 47 (language in plea agreement that government retained "sole discretion" as to whether to file precluded defendant's argument that the government bargained away its discretion); see also United States v. Price, 95 F.3d 364, 367-68 & nn.2-3 (5th Cir. 1996) (collecting cases where language of plea agreement indicated surrender of discretion and cases where plea agreement retained sole discretion).

Alvarado-Xar has not alleged or shown that the government bargained away that discretion, nor has he alleged that the government relied upon an unconstitutional motive in refusing to file a motion for downward departure.  Without evidence of an unconstitutional motive, the government's decision not to file is unreviewable by this Court.  See Wade, 504 U.S. at 185-86.  No breach of the plea agreement has been shown. Accordingly, this claim fails.

In short, none of the arguments that Alvarado-Xar now raises -- or claims counsel should have raised -- entitle him to any relief.  The Court thus finds that Alvarado-Xar has failed to show a reasonable probability that he would have received a lesser sentence had counsel raised any of these arguments.  See Phillips, supra; Grammas, supra.  Accordingly, his counsel was not deficient for failing to raise these arguments, nor is there any prejudice to Alvarado-Xar as a result of such failure.  United States v. Kimler, 167 F.3d 889, 893 (5th Cir. 1999) ("An attorney's failure to raise a meritless argument ... cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue.").

For the foregoing reasons, Alvarado-Xar's § 2255 motion in each case fails in its entirety.

**F.       Certificate of Appealability**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c)(1)(A).  Although Alvarado-Xar has not yet filed a notice of appeal, the § 2255 Rules instruct that this Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.  The Court thus turns to whether Alvarado-Xar is entitled to a COA.

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).  This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483-84).

The Court concludes that reasonable jurists could not debate the denial of Alvarado-Xar's § 2255 motion on substantive grounds nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El, 537 U.S. at 327 (citing Slack, 529 U.S. at 484).  Accordingly, Alvarado-Xar is not entitled to a COA as to any of his claims.

13

**IV.  CONCLUSION**

For the foregoing reasons, Alvarado-Xar's motion pursuant to 28 U.S.C. § 2255 in each

of these two cases (No. C-08-cr-814, D.E. 24; No. C-09-cr-159, D.E. 10) is DENIED.  Alvarado-

Xar is also denied a Certificate of Appealability.

It is so ORDERED this 10th day of August, 2010.

_____
Janis Graham Jack
United States District Judge